REDMANN, Judge.
Plaintiff appeals from a judgment dismissing at his cost a suit for damages to his car resulting from a collision with another car driven by the wife of one defendant and insured by the second defendant.
Plaintiff’s minor son was driving on a street described by a disinterested witness as a narrow, two-way street, not a wide street. Plaintiff’s son had just stopped at an intersection and began moving again, attaining a speed of about 20 miles an hour, when he saw defendants’ car about a quarter of a block ahead of him. He testified he saw the other car pulling over to the left side, almost to the “curb” as if she were going to park, with no blinker or hand signal. He was proceeding to pass her when she turned to the right to go into her driveway. At that time he was some 25 feet away. He applied his brakes but could not stop on the street wet from falling rain in time to avoid the accident.
 There is conflict between the two drivers as to whether or not defendants’ car came to a stop and as to how far to the left she went before beginning her turn. Since defendants’ driver readily admitted she never looked to see if anything was coming, and since she had no apparent reason to stop before turning into her driveway, we assume the trial judge accepted her testimony. The trial court obviously concluded that plaintiff’s son was contributorily negligent in attempting to pass defendants’ car on the right on the wet, narrow street, while the car was *639 still moving and before he could be certain of what action she was taking. We agree that this action on his part was unreasonable under all the circumstances and constituted negligence which contributed to the accident, and, being imputable to plaintiff, bars recovery.
The judgment appealed from is therefore affirmed.
Affirmed.